Opinion and Award based on the proceedings before former Deputy Commissioner Neil Fuleihan and defendants' argument before the Full Commission. Plaintiff chose to waive oral arguments. The appealing party has not shown good ground to receive further evidence; reconsider the evidence; or to amend the Opinion and Award.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 8 May 1992 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer resulting in an injury to her right eye.
2. At such time, Republic Insurance Company was the carrier on the risk with Gallagher Bassett Services Inc. as servicing agent.
3. Plaintiff's average weekly wage is to be determined by an Industrial Commission Form 22.
4. Medical records from Grace Hospital Emergency Room, Barrow Medical Center Emergency Room, and Drs. Blue, Salisbury and Alexander, collectively marked as Stipulated Exhibit #1 are received into evidence.
An executed Pre-Trial Agreement, dated 6 June 1995, was submitted by the parties and is incorporated by reference herein.
* * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 8 May 1992 plaintiff, who was twenty (20) years of age and a high school graduate, was employed by defendant-employer as a press operator and had been so employed since September of 1991. Plaintiff's duties required her to use a press to process porcelain for use in light fixtures.
2. On 8 May 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when a piece of porcelain entered her right eye resulting in an injury to her right eye. Immediately following the injury, plaintiff underwent first-aid procedures at defendant-employer's facility. The following day, plaintiff was seen at Grace Hospital Emergency Room for right eye irritation. A foreign body was removed from plaintiff's right eye, and then the right eye was treated with eye drop medication and patched. Upon discharge, plaintiff was instructed to wear the patch one day and stay out of work one day, and to return if pain increased or there was drainage form the eye.
3. Thereafter, plaintiff did not return to work with defendant-employer.
4. On 18 May 1992, plaintiff, while in Georgia on personal business, was seen at Barrow Medical Center Emergency Room for right eye irritation and sensitivity. She was referred to Dr. Blue, who saw her on 19 May 1992, 22 May 1992, 2 June 1992, 16 June 1992 and 23 June 1992, and treated her for right eye irritation and sensitivity related to the 8 May 1992 injury.
5. For her 8 May 1992 injury, plaintiff was also seen by Dr. Salisbury on 4 June 1992 at the request of defendant-employer.
6. Plaintiff was terminated from employment with defendant-employer on 2 August 1992.
7. The medical care and treatment plaintiff received from Grace Hospital Emergency Room, Barrow Medical Center Emergency Room, Dr. Salisbury and Dr. Blue were reasonably necessary to effect a cure, give relief, or lessen plaintiff's period of disability from her 8 May 1992 injury.
8. The credible evidence of record fails to establish that plaintiff, as a result of her 8 May 1992 injury was unable to earn any wages in any employment for a period of greater than seven days, sustained any permanent partial impairment to the right eye, or requires any further medical treatment since being released from Dr. Blue's care on 23 June 91992, including prescription glasses which plaintiff contends that she is entitled to have as a result of the 8 May 1992 injury.
* * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 8 May 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer resulting in an injury to her right eye; however as a result thereof, plaintiff did not sustain any disability for longer than seven days or any permanent partial impairment to her right eye and consequently is entitled to no compensation for temporary total disability or permanent partial disability. G.S. § 97-2(6); § 97-28; § 97-29; § 97-31(16).
2. Plaintiff is entitled to have defendant pay all medical compensation incurred as a result of her 8 May 1992 injury by accident. G.S. § 97-2(19); § 97-25.
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission Affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be and the same is, DENIED.
2. Defendants shall pay all medical compensation incurred as a result of plaintiff's 8 May 1992 injury by accident, in accordance with procedures established by the Industrial Commission.
3. Each side shall pay its own costs, except defendants remain obligated for the previously authorized expert witness fee in the amount of $187.50 to Dr. Richard R. Blue.
 S/ __________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER